1

2

3

4                          UNITED STATES DISTRICT COURT

5                          EASTERN DISTRICT OF CALIFORNIA

6

7   LINDA KLEINER, et al.,                     Case No.  2:16-cv-1609-WHO

8                    Plaintiffs,

9          v.                                  **ORDER DENYING MOTION TO**
                                               **DISMISS**
10  EARTHLINK, INC.,                           Re: Dkt. No. 9

11                   Defendant.

12                              **INTRODUCTION**

13         Plaintiff Linda Kleiner alleges that defendant EarthLink, Inc., debited her account on a

14  recurring basis for internet services without obtaining her authorization or providing her with a

15  copy of such authorization as required by the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C.

16  § 1693 *et seq.*, and its applicable regulations.  EarthLink brings a factual challenge to subject

17  matter jurisdiction, arguing that she lacks standing because the statutory rights at issue belong to

18  her son, Dennis Kleiner.  However, Linda Kleiner has produced a bank statement showing a debit

19  by EarthLink.  She declares that she is the sole owner of that bank account.  She has met her

20  burden under the EFTA to plausibly allege that she is the relevant consumer whose authorization

21  was required before EarthLink transferred money from her personal bank account.  The motion to

22  dismiss for lack of standing is DENIED.

23                              **BACKGROUND**

24  **I.   PLAINTIFF'S ALLEGATIONS & DECLARATION**

25         Around December 2015, Linda Kleiner called EarthLink to purchase internet services.

26  Complaint ("Compl.") (Dkt. No. 1) ¶ 9.  During this call, she learned that EarthLink's "services

27  were a 'dial-up' type internet" and told EarthLink that she "had no interest in their services."

28  Declaration of Linda Kleiner (Dkt. No. 29-1) ¶ 5.

United States District Court
Eastern District of California

United States District Court
Eastern District of California

1   Thereafter, she began noticing recurring charges automatically deducted from her personal

2   bank account by EarthLink.  Compl. ¶ 11.  EarthLink charged her bank account $14.95 a total of

3   three times.  Kleiner Decl. ¶ 6; Ex. A (copy of bank statement).  This bank account is Linda

4   Kleiner's alone.  Kleiner Decl. ¶ 7.  She alleges that she never authorized EarthLink to deduct

5   money from her bank account on a recurring basis.  Compl. ¶ 13.  EarthLink did not provide and

6   she did not execute "any written or electronic writing memorializing or authorizing the recurring

7   or automatic payments."  Id. ¶ 14.  She did not provide EarthLink with "a written or an electronic

8   signature authorizing the recurring or automatic payments."  Id. ¶ 15.

9   Linda Kleiner brings this suit on behalf of herself and all others similarly situated against

10   EarthLink for violation of the EFTA, 15 U.S.C. § 1693e(a), and section 205.10(b) of Regulation

11   E, 12 C.F.R. § 205.210(b).  Id. ¶¶ 16, 45.  The complaint requests statutory damages of $1,000 for

12   each class member and an injunction to stop EarthLink's conduct in violation of the EFTA.  Id. ¶¶

13   27, 48.

14   **II.  EARTHLINK'S FACTUAL CHALLENGE**

15   EarthLink submitted a declaration by Jennifer Spindel, the Senior Vice President and

16   Managing Director of Consumer Products at EarthLink, who described that when a person

17   purchases an EarthLink product or service by contacting its call center, the call center

18   representative enters the person's name, contact information, address, and payment information

19   into a database.  Declaration of Jennifer Spindel (Dkt. No. 9-2) ¶ 1, 4.  The database then creates a

20   customer account in MIDAS, EarthLink's billing system.  Id.  Call center representatives have the

21   ability to enter notes about customer interactions in Vantive, an interactive database.  Id.  They can

22   also pull and reference customers' accounts in MIDAS and Vantive, as well as update the account

23   information to reflect additional communications.  Id.

24   EarthLink's records in Vantive and MIDAS show that Dennis Kleiner called EarthLink on

25   November 10, 2015, to purchase internet service.  Id. ¶ 5.  Dennis Kleiner provided a home

26   address in Rocklin, California, home and work phone numbers, an email address, and Visa card

27   payment information.  Id. ¶ 6; see also Spindel Decl., Exs. A & B (copies of records).  That day,

28   EarthLink opened an account for Dennis Kleiner and provided him with an EarthLink email

address.  Spindel Decl. ¶ 7.  The account details that the service cost $14.95 per month.  Spindel Decl., Ex. A.  EarthLink sent information about Dennis Kleiner's account to both his personal and EarthLink email addresses, and by mail to his street address.  Spindel Decl.  ¶ 7.  EarthLink's records reflect that Dennis Kleiner was the owner of this account at all times.  *Id.*

On December 22, 2015, the Vantive records indicate that Linda Kleiner called EarthLink "to complain that she was not aware of having an account with EarthLink."  *Id.* ¶ 8.  Although no account was associated with Linda Kleiner's name, she provided information that matched Dennis Kleiner's account information.[1]  *Id.*  The call center representative then canceled Dennis Kleiner's account.  *Id.*

On July 21, 2016, as reflected in the Vantive records, Linda Kleiner called EarthLink again.  *Id.* ¶ 9.  She asserted that EarthLink set up an account in December 2015 without her permission and provided the case number for this lawsuit.  *Id.*  The call center representative could not locate an account under Linda Kleiner's name during the call, and Linda Kleiner hung up before the call center representative could locate any relevant accounts.  *Id.*  After the conversation, the call center representative conducted an Internet search for "Linda Kleiner" and found an individual who resided in Roseville, California.  *Id.* ¶ 10.  Based on that information, the call center representative searched EarthLink's records for customers named "Kleiner" with addresses near Roseville and found Dennis Kleiner's account.  *Id.*

EarthLink has no record of an account opened by Linda Kleiner or of any other communications with her.  *Id.* ¶ 11.

## III.    PROCEDURAL HISTORY

Although EarthLink filed its motion with Spindel's declaration, Kleiner's opposition did not include any evidence.  At oral argument, plaintiff's counsel indicated that Kleiner had evidence to rebut EarthLink's motion.  Rather than dismiss the case and allow Kleiner the ability to amend, I directed that she submit that evidence after the hearing, which she did.  Declaration of

---

[1] Neither party has provided evidence of whether there is any relation between Linda Kleiner and Dennis Kleiner.  However, plaintiff's counsel indicated during oral argument that Dennis Kleiner is plaintiff's son.

1   Linda Kleiner (Dkt. No. 29-1).  EarthLink responded.  Response to Plaintiff's Supplemental

2   Opposition ("Supp. Reply") (Dkt. No. 30).

3                                     **LEGAL STANDARD**

4           A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(1) is a

5   challenge to the court's subject matter jurisdiction.  "Federal courts are courts of limited

6   jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction."  *Kokkonen v.*

7   *Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994).  The party invoking the jurisdiction of the

8   federal court bears the burden of establishing that the court has the requisite subject matter

9   jurisdiction to grant the relief requested.  *Id.*  "A suit brought by a plaintiff without Article III

10  standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject

11  matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).

12          A challenge pursuant to Rule 12(b)(1) may be facial or factual.  *White v. Lee*, 227 F.3d

13  1214, 1242 (9th Cir. 2000).  In a facial attack, the jurisdictional challenge is confined to the

14  allegations pled in the complaint.  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  "[T]he

15  challenger asserts that the allegations in the complaint are insufficient on their face to invoke

16  federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  To

17  resolve this challenge, the court assumes that the allegations in the complaint are true and draws

18  all reasonable inference in favor of the party opposing dismissal.  *Wolfe*, 392 F.3d at 362.

19          "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by

20  themselves, would otherwise invoke federal jurisdiction."  *Safe Air*, 373 F.3d at 1039.  To resolve

21  this challenge, the court "need not presume the truthfulness of the plaintiff's allegations."  *Id.*

22  (citation omitted).  Instead, the court "may review evidence beyond the complaint without

23  converting the motion to dismiss into a motion for summary judgment."  *Id.* (citations omitted).

24  "In response to a factual attack, Plaintiffs must present affidavits or any other evidence necessary

25  to satisfy their burden of establishing that the court, in fact, possesses subject matter jurisdiction."

26  *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016) (internal citation and quotation marks

27  omitted).

28

United States District Court
Eastern District of California

4

### DISCUSSION

"Standing doctrine assures that the litigant is entitled to have the court decide the merits of the dispute or of particular issues by demanding that he or she possess a direct stake in the outcome of the case." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1114 (9th Cir. 2014) (internal citations and quotation marks omitted).  To demonstrate Article III standing, "a plaintiff must show: (1) [she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc., v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000).

Under the EFTA, "[a] preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made." 15 USC § 1693e.  EarthLink argues that any violation of statutory rights under the EFTA belong to Dennis Kleiner, not his mother, and therefore, plaintiff cannot establish any of the three standing requirements.  *See Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 474 (1982) (A "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").

EarthLink's evidence showed that Dennis Kleiner opened an EarthLink account and provided Visa card information for payment.  Spindel Decl. ¶¶ 5-7.  When Linda Kleiner called EarthLink to stop charges, she provided information matching Dennis Kleiner's account.  *Id.* ¶ 8.

In her initial opposition, Linda Kleiner stated that she disputes EarthLink's assertions and declarations "in their entirety," but she failed to produce any evidence that it was her bank account that EarthLink debited such that *her* authorization—not Dennis Kleiner's—was required.  Oppo. at 2.  There was no evidence regarding her relation, if any, to Dennis Kleiner, or whether he had the authority to authorize the relevant transfer.

But on her second try, Linda Kleiner succeeds in establishing Article III standing.  She produced a bank statement showing a debit by EarthLink for $14.95 on December 7, 2015.

5

Kleiner Decl., Ex. A.  She declares that EarthLink made a total of three charges.  Kleiner Decl. ¶ 6.  And the debited bank account belonged to her alone.  *Id.* ¶ 7.  Because she has shown a transfer from her bank account, it was her authorization that was required under the EFTA.  The statutory rights at issue belong to Linda Kleiner.

EarthLink's argument to the contrary is unconvincing.  EarthLink says that, even though plaintiff owns the debited bank account, the statutory rights at issue belong to Dennis Kleiner because he apparently initiated the transaction.  Supp. Reply at 3.  In support of this argument, EarthLink points to the Official Staff Interpretation of Section 205.3(a) of Regulation E, which provides:

> The requirements of the regulation apply only to an account for which an agreement for EFT services to or from the account has been entered into between:
>
> [. . .]
>
> The consumer and a third party (for preauthorized debits or credits, for example), when the account-holding institution has received notice of the agreement and the fund transfers have begun.

12 C.F.R. § Pt. 205, Supp. I.  EarthLink also notes that Congress provided that the EFTA "sets minimum safeguards for consumers who arrange for regular payments . . . to be deducted automatically from their bank accounts."  S. REP. NO. 95-915, at 13 (1978) *reprinted in* U.S.C.C.A.N. 9403, 9415.

EarthLink's arguments ignore the central issue that the statutory rights under the EFTA's section regulating preauthorized transfers belong to the consumer whose bank account is debited.  *See* 15 U.S.C. §§ 1693e, 1693m.  Here, that person is Linda Kleiner.  Initiation of the transaction by a third party may give rise to an affirmative defense for EarthLink.  But for purposes of establishing standing to bring this lawsuit, EarthLink debited a bank account belonging solely to Linda Kleiner.  It is, therefore, her statutory rights at issue.

Linda Kleiner adequately established all three elements of standing.  First, I need not decide whether a statutory violation is sufficient to establish an injury because plaintiff states an economic injury of $14.95 transferred three times from her bank account.  Kleiner Decl., Ex. A.  Second, she alleges that EarthLink caused this harm by debiting her account without her

United States District Court
Eastern District of California

1   authorization.  Plaintiff's bank statement shows her injury is traceable to EarthLink.  Finally, as

2   she requests statutory damages and injunctive relief, her injury will be redressed through a

3   favorable determination in this suit.

### CONCLUSION

5       Kleiner's supplemental opposition and declaration establish that she is the relevant

6   consumer for this EFTA claim.  EarthLink's motion to dismiss under Rule 12(b)(1) for lack of

7   standing is DENIED.[2]

8       **IT IS SO ORDERED**.

9   Dated: January 20, 2017



WILLIAM H. ORRICK
United States District Judge

---

[2] This Order, obviously, makes no determination regarding the merits of plaintiff's claim.

United States District Court
Eastern District of California